UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO:   8:06-cr-443-T-26MAP

JOSEPH STRICKLAND, #49054-018
_____/

**O R D E R**

On March 5, 2008, this Court entered a *sua sponte* order (1) appointing counsel for Defendant, (2) directing the United States Probation Office to provide a supplemental presentence report addressing the issues of whether Defendant is eligible and suitable for a sentence reduction pursuant to the provisions of Amendments 706 and 711 to the United States Sentencing Guideline § 1B1.10, and (3) directing Defendant's counsel and Government counsel to file a response to the report in the event they could not agree upon an appropriate disposition of the matter.  See docket 48.[1]  The Court now has the benefit of the report and the Government's response.  See docket 66.[2]

---

[1]  On April 8, 2008, an order was entered appointing CJA counsel to represent Defendant.  See docket 61.

[2]  On October 27, 2008, the Court entered an order directing Defendant's counsel to file a response on or before November 10, 2008, because the response to the supplemental report was overdue.  See docket 97.  The Court put Defendant's counsel on notice that if a response was not forthcoming by that date that the Court would resolve the issue of Defendant's eligibility for a sentencing reduction without the benefit of a response from Defendant.  As of the date of the entry of this order, Defendant's counsel has failed to file a response.

After careful review, the Court concludes that Defendant is not eligible for a sentence reduction for the reasons stated in the report and argued by the Government in its response. That is, because Defendant was properly classified as a career offender and an armed career criminal, see original Presentence Report at paragraphs 35 and 36 , Amendment 706, even had it been in effect at the time of Defendant's original sentencing, would not have lowered his/her applicable sentencing guideline range. See United States v. Thomas, ___ F.3d ___, 2008 WL 4659359 (11th Cir. 2008); United States v. Moore, 541 F.3d. 1323 (11th Cir. 2008);[3] United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Tingle, 524 F.3d 839 (8th Cir. 2008); United States v. Gray, 2008 WL 895012 (4th Cir. 2008) (unpublished opinion); United States v. Bronson, 2008 WL 539796 (4th Cir. 2008) (unpublished opinion); see also United States v. Oliver, appellate case number 08-11140-E (11th Cir. May 22, 2008) (order denying motion for leave to appeal *in forma pauperis* stating that "[b]ecause appellant's sentencing guideline range was based on his career offender designation under § 4B1.1, he did not meet the eligibility requirements for a reduction of his sentence under § 3582(c)(2).").[4]

---

[3] See also United States v. Payne, 2008 WL 4636481 (11th Cir. 2008) (unpublished) (citing Moore in support of determination that district court did not err in denying motion to reduce sentence under Amendment 706 because defendant was subject at time of original sentencing to statutory mandatory minimum sentence of 240 months).

[4] This order is found at docket 47 of United States v. Oliver, case number 8:04-cr-227-T-26MAP.

**DONE AND ORDERED** at Tampa, Florida, on November 12, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record
Defendant
U.S. Probation
U.S. Marshal
Bureau of Prisons